UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE COMMUNITY OF JESUS, INC., ARTS EMPOWERING LIFE, INC., and PERFORMING ARTS BUILDING FOUNDATION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>DAVID ORTOLANI and ELLEN ORTOLONI,<br><br>Defendants. | Civil Case No.: 1:25-cv-13453-LTS |

## DEFENDANTS' MOTION TO DISMISS FOR VIOLATION OF RULE 8(a) and 10(b) OR IN THE ALTERNATIVE TO STRIKE CERTAIN ALLEGATIONS PURSUANT TO RULE 12(f)

Defendants David and Ellen Ortolani respectfully ask the Court to dismiss the complaint against them pursuant to Fed. R. Civ. P. 41(b) because the Plaintiffs have violated the provisions of Fed. R. Civ. P. 8(a) and Fed. R. Civ. P (10b). Alternatively, the Defendants request an order pursuant to Rule 12(f) striking the numerous immaterial and impertinent allegations contained within the complaint.

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement." *Belanger v. BNY Mellon Asset Management, LLC,* 307 F.R.D. 55, 58 (D.Mass. 2015), quoting *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). Rule 8 requires a short and plain statement of the claim. "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and

defense." *Belanger v. BNY Mellon Asset Management, LLC,* 307 F.R.D. 55, 57 (D.Mass. 2015), citing *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008). "The statement of the claim should be short because 'unnecessary length places an unjustified burden on the court and on the party who must respond to it.'" *Id.*, quoting *Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc.*, 2014 WL 4656503 (D.Mass. Aug. 5, 2014); see also *LaMonde v. City of Salem*, 2019 WL 9124213 (D.Mass. 2019), p. 2; *Barricello v. Bank of America, N.A.*, 2019 WL 1333271 (D.Mass. 2019), pp. 3-4; *Newman v. Commonwealth of Massachusetts*, 115 F.R.D. 341 (1987).

In *McCoy v. Providence Journal Co.*, 190 F.2d 760, 766 (C.A.1 1951), the First Circuit observed that a motion to strike should have been allowed for a gross violation of Rule 8. The court described the offending complaint as follows:

> The complaint certainly is argumentative, prolix, redundant and verbose, and attached to it, labeled exhibits, are lengthy letters and affidavits . . . It is hard to imagine a pleading more completely at variance with both the letter and the spirit of Rule 8(e)(1) which requires that each averment of a pleading be 'simple, concise and direct.' We think the defendants' motion to strike should have been granted promptly, whereby the issues might have been clarified for the benefit of all concerned.

*See also Martin v. Hunt*, 28 F.R.D. 35 (1961) (complaint dismissed because it "totally fails to comply with either the letter or the spirit" of Rule 8). Relief is warranted here because the Plaintiffs' Complaint is similarly completely at variance with Rule 8. *See, e.g.*, *Youngworth v. Gentile*, 2006 WL 516757, at *4 (D. Mass. Feb. 27, 2006) (Dismissal allowed without prejudice to Plaintiff's filing an amended complaint in compliance with the rules).

The Plaintiff's lawsuit seeks contribution and indemnity against damages being sought in a separate lawsuit entitled *Oliver Ortolani v. Community of Jesus, Inc., et al.*, Civil Action No. 1:25-cv-12005 (D. Mass). (Complaint ¶1). In that action, Mr. Ortolani (the Ortolani's son) alleges that the Plaintiffs violated federal and state laws prohibiting "child trafficking." (Complaint ¶1). Plaintiffs claim that Mr. and Mrs. Ortolani are liable for contribution because they trafficked their

son (Complaint ¶¶7-8) and are liable to indemnify them pursuant to the terms of permission slips which they signed. (Complaint ¶¶9-12).

These contribution and indemnity claims could have been asserted as third-party claims in the *Ortolani* action after the Plaintiffs' intended motion to dismiss has been addressed. (Complaint ¶5). Why Plaintiff's elected to bring these claims in a separate action is a reasonable question. Having elected to do so, these serious claims might have been made in a succinct pleading conforming to Rule 8. All that was necessary was short and plain statements alleging that the Ortolani's are liable in tort for their son's claimed injuries, and that the Ortolani's executed contractual indemnity agreements.

Instead, Plaintiffs have filed a 20-page Complaint replete with immaterial allegations about the Defendants and their son. These allegations have no substantive value. It is reasonable to ask for what purpose? It is not unreasonable to conclude that this Complaint was drafted to publicly disparage and embarrass the Defendants. *See, e.g.*, *Sanford v. Boston Herald-Traveler Corp.*, 318 Mass. 156, 158, 61 N.E.2d 5, 6 (1945) (filing a complaint containing immaterial and impertinent matters intended solely for press consumption is improper). Moreover, the Plaintiffs' failure to comply with Rule 8 is likely to cause unnecessary delays and certainly will needlessly increase the cost of litigation. The Complaint is neither simple nor concise and thus stands in violation of Rule 8. *Kuehl, supra at* 906-907 and n. 7 (1st Cir. 1993) (43-page complaint violated Rule 8 and was properly dismissed); *Jackson v. Polaroid Corp.*, 181 F.3d 79 (1st Cir. 1999) (180-page Complaint dismissed as an "obvious" violation of Rule 8).

Even assuming dismissal of the Complaint is not warranted because it violates Rule 8, it contains immaterial and impertinent allegations that are properly stricken pursuant to Rule 12(f), which provides that this Court "may strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead. Wright & Miller, *Federal Practice and Procedure* § 1382. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.* This Rule is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." *Dennison v. LaPointe*, No. 06–40100–FDS, 2006 WL 3827516, at *1 (D.Mass. Dec. 29, 2006) (quoting 5C Charles A. Wright, et al., *Federal Practice and Procedure* § 1380 at 391 (2004)).

For example, in Paragraphs 2-5, the Plaintiffs merely list issues with Mr. Ortolani's Complaint. (Complaint ¶¶2-5, 22, 23). In Paragraphs 6-8 and 24-27, Plaintiffs include a series of impertinent allegations, particularly relating to Mr. Ortolani's childhood, that is solely intended to be scandalous and is not essential to the contribution and indemnity claims. (Complaint ¶¶6-8, 24-27). In Paragraph 32, Plaintiffs include redundant information about Mrs. Ortoloni's involvement in programs that have essential relationship to their claims. (Complaint ¶¶32). The allegations contained in these paragraphs are either immaterial and/or impertinent to the indemnity and contribution claims. This type of pleading should not be condoned. If dismissal is too severe a sanction, the Defendants respectfully request that the Court order the Plaintiffs to re-draft their pleading to fairly comply with the requirements of Rule 8.

REQUESTED RELIEF

The complaint should be dismissed without prejudice for its failure to comply with Rule 8. In the alternative, Defendants respectfully request that the Court order that the immaterial and impertinent allegations highlighted in Addendum A be stricken.[1]

DAVID and ELLEN ORTOLANI

By their attorney,

*/s/ Robert P. Powers*
Robert P. Powers, BBO No. 544691
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone: (617) 523-6200
Facsimile: (617) 523-8130
rpowers@melicklaw.com

Dated:  December 10, 2025

**CERTIFICATE OF SERVICE**

I, Robert P. Powers, hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

---

[1] A copy of the complaint highlighting the offending allegations which the Defendants request be stricken in attached hereto as Addendum A.