UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMUNITY OF JESUS, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID ORTOLANI AND ELLEN ORTOLANI, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil No. 25-13453-LTS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 11)

May 4, 2026

SOROKIN, J.

Plaintiffs bring this case against David and Ellen Ortolani for common-law contribution as well as contractual indemnification for attorneys' fees and damages arising from a lawsuit filed by Defendants' adult son, Oliver Ortolani (Ortolani v. Community of Jesus, 25-cv-12005-LTS (D. Mass. filed July 16, 2025)). Defendants have moved to dismiss the complaint for violating Rules 8(a) and 10(b). Doc. No. 11. In the alternative, Defendants request that the Court strike certain paragraphs of the complaint under Rule 12(f). Id. Plaintiffs opposed the motion. Doc. No. 14. The motion is DENIED IN PART and ALLOWED IN PART as explained in this Order.

As a preliminary matter, Defendants' motion lacks a certificate of conferral. Indeed, in their opposition, Plaintiffs note that Defendants did not confer with them about the motion prior to filing it. Id. at 8 n.6. Local Rule 7.1(a)(2) requires moving parties to confer with opposing counsel prior to filing any motion and to include a certificate of conferral. But given that the

issues are fully briefed by the parties, and because it is not evident that the issues would have been resolved or narrowed through conferral, the Court turns to the merits of the motion. That said, counsel are reminded that motions filed without the required certificate of conferral are subject to immediate denial without prejudice.

To the extent Defendants move for a wholesale dismissal of the complaint, that request is DENIED. If all Plaintiffs pled were the indemnification claims, their twenty-page-complaint—much of which reads as an argumentative rebuttal to Oliver Ortolani's lawsuit—would be excessively long. But, of course, Plaintiffs also advance a claim of common-law contribution. Even though brevity principles would advise trimming portions of the allegations, dismissal of the entire complaint would be an overly drastic sanction under the circumstances. Despite its lengthiness, the complaint has not veered into the territory of violating Rule 8(a). And even assuming that dismissal under Rule 8(a) is warranted (which is not the case here), doing so would involve providing Plaintiffs with an opportunity to file an amended complaint, which would result in additional delay, legal fees, and expenditure of judicial resources. For these reasons, the Court declines to dismiss the complaint.

Alternatively, Defendants request that the Court strike certain allegations that they argue are immaterial and impertinent. Doc. No. 11 at 3-4. "It is well settled that motions to strike are disfavored and rarely granted absent a showing of prejudice to the moving party." Autila v. Mass. Bay Transp. Auth., 342 F.R.D. 23, 32 (D. Mass. 2022) (citation modified). Defendants have not shown that they are prejudiced by most of the challenged allegations, even if some allegations are not strictly necessary to plead the claims advanced. Thus, other than the handful of allegations noted below, Defendants' request to strike allegations is also DENIED.

2

The complaint, however, does make specific allegations regarding the physical and psychiatric conditions suffered by a non-party, Oliver Ortolani, while he was a minor.  The specificity of these allegations is unnecessary to plead the claims advanced in the complaint and can be stricken under Rule 12(f), which permits courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Accordingly, the Court strikes paragraphs 24, 25, and 26.  Defendants' motion is ALLOWED to that extent and otherwise DENIED.  The Clerk shall (1) redact paragraphs 24, 25, and 26 from the complaint on the docket, and (2) place the original unredacted copy on the docket as a sealed document, thereby preserving it as part of the record of this case.  Defendants shall file their responsive pleading to the complaint within fourteen days.

One more issue bears discussion.  The discovery in this case obviously overlaps with discovery in the related suit filed by Oliver Ortolani against the Plaintiffs in this case.  In Oliver Ortolani's lawsuit, the motions to dismiss are presently under review.  In the event both cases proceed to the discovery phase (a matter unresolved by the Court at this point), the parties in this case shall be prepared to discuss how to coordinate the discovery between the two matters, if this case reaches a Rule 16 Conference prior to Oliver Ortolani's case.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge